IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30633
Summary Calendar

ALICE DAVIS,

Plaintiff-Appellant,

versus

NOVARTIS CROP PROTECTION, INC., Substituted Party for Ciba-Geigy
Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-7541)

May 21, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alice Davis appeals the district court's grant of summary judgment for Novartis Crop Protection, Inc. ("Novartis") in her employment discrimination suit. Davis contends that (1) her claim was timely because the alleged discrimination constituted a continuing violation, (2) the Louisiana Human Rights Act prohibits employers from firing an employee based on that individual's political beliefs, and (3) the district court erred in finding insufficient evidence to show that Novartis' reasons for taking adverse action against her were pretextual.

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Davis, a black female and member of the city council, worked at Novartis as a communications clerk from 1990 until she was fired in 1996. During that six year period, Davis applied for and was denied seven promotions. Ten days prior to the day she was fired, Davis had voted for a sales tax which Novartis opposed. Davis claims that she was denied promotions and eventually fired due to her race and her involvement in local politics.

The district court held that because Davis filed her first complaint with the Louisiana Commission on Human Rights on August 6, 1996, all of her claims are time barred except those arising from the June 1996 failure to promote and the July 30, 1996 firing. The court also found that "political discrimination" is not prohibited by either Title VII or the Louisiana Human Rights Act. While there is a Louisiana statute that proscribes discrimination on the basis of political activity, the district court held that the plaintiff did not provide sufficient evidence on that claim to survive summary judgment. Finally, with respect to her Title VII race claim, the court held that Davis had failed to provide sufficient evidence to rebut Novartis' reasons for not promoting, and eventually firing her.

This Circuit reviews a district court's grant of summary judgment de novo, applying the same standard as the district court. See Ellison v. Connor, 153 F.3d 247, 251 (5th Cir. 1998). Summary judgment evidence should be viewed in the light most favorable to the party opposing the motion and is proper only when it appears that there is no genuine issue of material fact. See Fed.R.Civ.P. 56(c); Eastman Kodak v. Image

2

<u>Technical Services</u>, 504 U.S. 451, 456-58 (1992); <u>Ellison</u>, 153 F.3d at 251.

I.   Continuing Violation

To circumvent the time bar to her claim, Davis must show that the alleged discrimination constituted a continuing violation entitling her to have the limitations period equitably tolled.  The continuing violation theory applies "if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." <u>Messer v. Meno</u>, 130 F.3d 130, 134 (5th Cir. 1997) <u>cert. denied</u>, 119 S. Ct. 794 (1999).  Under this theory, the limitations period may be extended if the discriminatory practices are of such a nature that they may not appear to be discriminatory except when viewed over a period of time. <u>See id.</u> at 135;  <u>Glass v. Petro-Tex Chem. Corp.</u>, 757 F.2d 1554, 1561 (5th Cir. 1985).  In determining whether the discrimination constitutes a continuing violation, the court should consider the subject matter and frequency of the discrimination, as well as the degree of permanence of the discriminatory act.  <u>See</u> <u>Waltman v. International Paper Co.</u>, 875 F.2d 468, 475 (5th Cir. 1989).  The question is whether "the act [has] the degree of permanence which should trigger an employee's awareness and duty to assert his or her rights."  <u>Id.</u>

In this case, the district court correctly held that the continuing violation theory does not apply.  Each of the seven denials of promotion over a six year period was marked by the type of permanence that should have alerted Davis to the alleged discrimination and the need to assert her rights.

II.  Political Discrimination

3

Davis next contends that the Louisiana Human Rights Act prohibits discrimination based on political beliefs because it includes the word "creed" in addition to race, color, sex, age, disability and national origin. La. R.S. 51:2231 et seq. She argues that because "creed" is defined as belief, political beliefs should be protected. Alternatively, Davis points to another Louisiana statute which specifically prohibits discrimination based on the employee's participation in politics. See La. R.S. 23:961. In addressing this claim, the district court did not err in finding that Davis had produced insufficient evidence to show that Novartis fired her because of her political views. The only evidence Davis produced was her own conclusory allegation that because she was fired soon after she voted for a sales tax which Novartis opposed, they must have acted based on her political activity. Thus, even were we to conclude that the Louisiana Human Rights Act proscribes political discrimination, Davis' claim would fail because she did not provide sufficient evidence.

III. Sufficiency of Rebuttal Evidence

Finally, Davis argues that the district court erred in concluding that she failed to produce sufficient evidence to rebut Novartis' non-discriminatory reasons for firing her. Under the framework established in McDonnel-Douglas v. Green, a plaintiff must prove a prima facie case of discrimination in order to create a rebuttable presumption of discrimination. 411 U.S. 792, 801 (1973). The burden of production then shifts to the defendant to provide a non-discriminatory reason for its actions. See id. at 802. If the employer satisfies its burden, the presumption disappears, and the plaintiff must prove that the employer's

4

explanation was merely pretext for discrimination.  See id. at 804.
After a careful review of the record, we hold that the district court
did not err in finding that Davis failed to produce sufficient evidence
to prove that Novartis' proffered reasons were pretextual.

For the foregoing reasons, the judgment of the district court is
AFFIRMED.  The district court did not err in finding that Davis failed
to present any genuine issue of material fact which would preclude
summary judgment.

AFFIRMED.